IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARVIN LIDDELL LOTT,<br>Register No. 198045,<br><br>          Plaintiff,<br><br>          v.<br><br>DAVE DORMIRE, et al.,<br><br>          Defendants. | No. 08-4252-CV-C-NKL |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Martin Liddell Lott, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are Warden Dormire, Assistant Warden Bill Gallaway and Functional Unit Manager Regina Martin.

Plaintiff claims that on September 2, 2008, the cell doors popped open and he was assaulted by inmates Lee Francis and Anthony Budgett. He claims that as a result of the assault, he defecated on his mattress and was forced to pay for it. Plaintiff claims he was injured and was spitting blood, with a swollen lip from being hit and kicked in the face, and was taken to medical, but that he was not evaluated by a doctor. Plaintiff further claims he was denied protective custody and instead, was placed in administrative segregation for protection. Plaintiff alleges that his being forced into the highest level of administrative segregation for nondisciplinary reasons, instead of receiving protective custody, violates his rights under the Eighth and Fourteenth Amendments because there is no legitimate penological interest in his having to suffer the very restrictive conditions of administrative segregation.

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff alleges this is a wanton infliction of pain and suffering and that accordingly, he is entitled to due process.

Plaintiff seeks only injunctive relief, requesting that he be placed in protective custody or transferred to another institution.

On October 16, 2008, plaintiff was granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), on the basis of indigence, subject to modification, pursuant to the screening process required by 28 U.S.C. §§ 1915 and 1915A. Sections 1915 and 1915A require the court to screen prisoner cases and dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has on three or more prior occasions brought an action or appeal that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim on which relief may be granted, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's motions for a temporary restraining order should be denied. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and. . . ." Fed. R. Civ. P. 65(b).

Plaintiff's claims do not merit the issuance of a temporary restraining order at this time. Plaintiff's requests for relief are the same as those in his complaint on which he is being granted leave to proceed. Plaintiff's claims do not show a threat of irreparable injury, loss or damage will result if a temporary restraining order is not issued.

Although plaintiff's allegations in his complaint may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915. The records available to the court indicate plaintiff is capable of making an initial payment of $12.67[2] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $12.67 toward the $350.00 filing fee. It is further

---

[2] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915. If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Rules 4 and 12, Federal Rules of Civil Procedure, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's motions for a temporary restraining order be denied. [6, 7]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 28th day of October, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge