IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARVIN LIDDELL LOTT, ) | |
| Register No. 198045, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-4252-CV-C-NKL |
| ) | |
| LARRY CRAWFORD, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On October 28, 2008, United States Magistrate Judge William A. Knox recommended denying plaintiff's requests for a temporary restraining order seeking to be transferred from Jefferson City Correctional Center administrative segregation to a different institution where he will not be required to be housed in administrative segregation. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record.[1] Subsequent to the recommendation of Judge Knox, plaintiff filed multiple additional motions seeking a temporary restraining order and/or preliminary injunctive relief. In these new filings, plaintiff requests the same relief as in his prior motions, i.e., he wants out of administrative segregation and requests to be transferred to a different institution. Defendants have filed a response indicating that plaintiff is confined in administrative segregation because of his offender security level, and is in a single-man cell for security purposes. Defendants state that any concerns regarding inmate Budgett were alleviated when Budgett was moved to a separate wing in administrative segregation, where he has no potential contact with plaintiff. Defendants state plaintiff's additional allegations contained in his motions seeking preliminary relief which assert he needs

---

[1]Court proceedings, if any, are recorded by electronic recording equipment and the tapes are available for review by the court and counsel.

a hair pick, and razors to shave, while in administrative segregation, are unrelated to the claims in plaintiff's complaint and do not pose a threat of harm to plaintiff that would warrant the court's consideration of preliminary injunctive relief.

Upon review, this court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted. Plaintiff's motions for a preliminary temporary restraining order and preliminary injunction are denied. There is no immediate threat of harm, or loss or damage that will result if preliminary injunctive relief is not granted. Further, plaintiff's requests for preliminary injunctive relief involve those same claims on which plaintiff has been granted leave to proceed in forma pauperis, and can be addressed in the normal processing of this case. Plaintiff's requests which are unrelated to the claims in this case cannot be asserted in this case, and moreover, fail to allege a threat of irreparable harm or loss or damage that would potentially otherwise merit this court's consideration.

Plaintiff's general request asserted with his requests for preliminary injunctive relief seeking a change of judge is without legal merit and is denied.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of October 28, 2008, is adopted. [9] It is further

ORDERED that plaintiff's motions for a temporary restraining order and/or preliminary injunctive relief are denied. [6, 7, 10, 14, 17, 18, 20, 21, 26] It is further

ORDERED that plaintiff's request for change of judge is denied. [24]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: January 16, 2009
Jefferson City, Missouri