IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MARVIN LIDDELL LOTT, | ) | |
| Register No. 198045, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4252-CV-C-NKL |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Marvin Liddell Lott, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

On December 18, 2008, defendants filed a motion to dismiss for failure to exhaust administrative remedies and failure to state a claim on which relief may be granted.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

In plaintiffs' multiple filings, he does not dispute that he only filed an informal resolution request before filing this case in federal court, and had not exhausted his administrative remedies prior to filing this law suit. Plaintiff's allegation that he was in imminent danger and, therefore, could not exhaust his administrative remedies prior to filing a federal lawsuit is not supported by the facts. This court has already found that plaintiff's claims do not warrant preliminary injunctive relief.[2] Plaintiff clearly failed to exhaust his administrative remedies prior to filing this federal lawsuit. Exhaustion of administrative remedies is mandatory. Johnson v. Jones, 340 F.3d at 627, ("[i]f exhaution was not completed at the time of filing, dismissal is mandatory").

Because plaintiff's claims must be dismissed, pursuant to 42 U.S.C. § 1997e, this court need not address defendants' further grounds for dismissal at this time.

Plaintiff's request for a refund of his filing fee in this case is without merit. Although granted leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, plaintiff is responsible for paying the filing fee in full once he has filed a complaint with this court.

Plaintiff's additional motions seeking a temporary restraining order, emergency order, and preliminary injunction regarding his claims in this case, as well as his recent specific request for transfer, should be denied for the reasons previously set forth in this order and previous orders of this court.

Plaintiff's motions requesting to clarify his intentions in filing this case and to amend will be treated as responses in opposition to defendants' motion to dismiss. Thus, although considered for purposes of defendants' motion to dismiss; as motions they are denied as moot.

In light of this court's recommendation of dismissal, plaintiff's motions for appointment of counsel and for hearing regarding discovery are denied, without prejudice.

---

[2]See Doc. No. 44 (denying plaintiffs' multiple motions for temporary restraining order and/or preliminary injunctive relief).

2

Case 2:08-cv-04252-NKL   Document 69   Filed 08/04/09   Page 2 of 4

Defendants' motion seeking an order requiring plaintiff to submit his filings in compliance with the Federal Rules of Civil Procedure is granted.

Plaintiff's motion for recusal of the undersigned is without merit and is denied. In ruling a motion or application to recuse, the factual allegations of the affidavit are accepted as true for the purpose of determining whether disqualification is legally warranted. Berger v. United States, 255 U.S. 22 (1921). If it is concluded the allegations, accepted as true, state sufficient grounds for recusal, the motion must be granted. If the allegations of the affidavit do not state legally sufficient grounds, the judge is duty-bound not to recuse. United States v. Diorio, 451 F.2d 21 (2d Cir. 1971); United States v. Anderson, 433 F.2d 856, 860 (8th Cir. 1970). The burden is on the affiant to establish the judge is not qualified to preside over a particular case. To meet that burden of proof, the affiant must set forth specific and sufficient facts to convince a reasonable mind of the judge's *personal* bias and prejudice. Deal v. Warner, 369 F. Supp. 174 (W.D. Mo. 1973). The affidavit in support must "strictly comply with the statutory requirements before it will effectively disqualify a judge." Id. See also 28 U.S.C. § 144.

Plaintiff has not submitted an affidavit or set forth facts demonstrating a *personal* bias requiring disqualification under sections 144 or 455 of Title 28, United States Code. To be legally sufficient grounds, the United States Supreme Court has stated:

> The alleged bias and prejudice to be disqualifying must stem from an *extrajudicial* source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.

United States v. Grinnell, 384 U.S. 563, 583 (1966) (emphasis added). Thus, plaintiff's motion is legally insufficient to require disqualification of the undersigned United States Magistrate Judge.

IT IS, THEREFORE, ORDERED that plaintiff's motion for recusal is denied. [64] It is further

ORDERED that plaintiff is ordered to submit all filings with this court in accordance with the Federal Rules of Civil Procedure, and is warned that failure to do so may result in his filings being stricken from the record. [49] It is further

ORDERED that plaintiff's motions for appointment of counsel and for hearing are denied without prejudice. [35, 63] It is further

3

ORDERED that plaintiff's motions requesting to clarify his intentions in filing this case and to amend are denied as moot. [33, 40] It is further

RECOMMENDED that plaintiff's additional motions seeking a temporary restraining order, emergency order, and preliminary injunction regarding his claims in this case, as well as his recent specific request for transfer be denied. [36, 41, 52, 57, 60, 66] It is further

RECOMMENDED that defendants' motion to dismiss be granted and plaintiff's claims dismissed, without prejudice, for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e. [30]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 4th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge